IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HEIDI ELLEN MCNAMARA, <br><br> Plaintiff, <br><br> vs. <br><br> INDIANOLA POLICE DEPARTMENT <br><br> Defendant. | Case No. 4:24-cv-00155-SMR-HCA <br><br><br> DEFENDANT'S BRIEF IN SUPPORT OF ITS PRE-ANSWER MOTION TO DISMISS |

**COMES NOW** the Defendant, Indianola Police Department, by and through undersigned counsel, and for its Brief in Support of its Pre-Answer Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

I.     **BACKGROUND FACTS AND PROCEEDINGS**

Plaintiff, proceeding pro se, filed her Petition in the Iowa District Court for Warren County on April 9, 2024. Plaintiff alleges two officers employed by the Indianola Police Department violated her constitutional rights by arresting her without a warrant. *See* Petition ¶ 2. She further claims an officer illegally searched her phone. *Id.* Plaintiff claims the officers' conduct triggers liability for Indianola Police Department through 18 U.S.C. § 241 and 42 U.S.C. § 1983. *Id.* ¶ 8-9, Conclusion. Plaintiff's remaining claims are not directed against Indianola Police Department. *Id.* ¶ 4-7. Indianola Police Department was served April 17. *See* Return of Service. Plaintiff has not served any of the officers identified in her Petition.[1] Defendant removed the case to the United States District Court for the Southern District of Iowa on May 6, 2024. *See* Docket # 1.

---

[1] Plaintiff's Petition alleges: "I Heidi McNamara am suing the Indianola police department . . ." Petition ¶ 9. She does not evince a similar intent to bring claims against the individual officers.

1

## II. STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss any complaint failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In ruling on a Rule 12(b)(6) motion, a district court must accept the factual allegations contained in the complaint as true. *Iqbal*, 556 U.S. at 678.

## III. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE INDIANOLA POLICE DEPARTMENT IS NOT A PERSON SUBJECT TO SUIT UNDER SECTION 1983.

This Court must dismiss Plaintiff's claims because Indianola Police Department is not a legal entity subject to suit under section 1983.[2] *De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed. Appx. 436, 437 (2001) (unpublished, per curiam) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (". . . departments are not usually considered legal entities subject to suit[.]"). Plaintiff's failure to name a suable entity means she has failed to state a claim upon which relief may be granted. *Id.*

The Northern District of Iowa has previously addressed the exact issue posed by Plaintiff's Petition. *See Shannon v. Koehler*, No. C 08-4059-MWB, 2008 U.S. Dist. LEXIS 90953 (N.D. Iowa Oct. 13, 2008). In *Shannon*, the Plaintiff sought to sue the Sioux City Police Department for violations of their rights under section 1983. *Id.* at *2-3. Defendants sought dismissal under Rule 12(b)(6) because Plaintiff had named a subdivision of a municipality that

---

[2] Plaintiff asserts two causes of action: 18 U.S.C. § 241 and 42 U.S.C. § 1983. However, "[c]ourts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges." *U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Gooden v. Corbin*, No. 4:22-cv-00399-SMR-WPK, 2023 U.S. Dist. LEXIS 99625, at *15 (S.D. Iowa Apr. 26, 2023). Thus, Plaintiff's section 241 claim should be dismissed because it fails to state a claim upon which relief may be granted.

was not capable of being sued. *Id.* at *1-2. The *Shannon* court explained, "This court is not aware of any section in the Iowa Code that provides a police department with the authority to sue or be sued independent of a municipality." *Id.* at *6. The Court went on:

> The Iowa Code also helps to solidify the proposition that police departments are simply instrumentalities or subdivisions of the city government. In Iowa, municipalities are provided with "home rule power and authority… to determine their local affairs and government…." IA Const. Art. 3, § 38A. More specifically, "[a] city may… exercise any power and perform any function it deems appropriate to protect and preserve the rights, privileges, and property of the city or of its residents, and to preserve and improve the peace, safety, health, welfare, comfort, and convenience of its residents." IOWA CODE § 364.1. Clearly, the state of Iowa has delegated to Iowa cities the power and authority to organize a police department. In other words, the state has not created the municipality's police department as a separate entity apart from the municipality. Instead, the state has allowed the municipality to "protect and preserve the rights, privileges, and property of the city or of its residents, and to preserve and improve the peace, safety, health, welfare, comfort, and convenience of its residents," and the municipality has decided to create a police department to achieve this end. *Id.*

*Id.* at *7-8. Thus, the court dismissed the plaintiff's claims against the municipal police department. *Id.* at *16.

The *Shannon* courts rationale is consistent with several other 8th Circuit opinions analyzing the issue. *See, e.g.*, *Diggs v. City of Osceola*, 270 Fed. Appx. 469, 2008 U.S. App. LEXIS 6383 at *2 (8th Cir. 2008); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). The decision is also consistent with federal courts in other circuits. *See Shannon*, 2008 U.S. Dist. LEXIS 90953, at *10-11 (string citing cases with similar holdings). Because Indianola Police Department is not an entity capable of being sued, Plaintiff's claims against Indianola Police Department should be dismissed. *See* Petition, ¶ 9.

**WHEREFORE** the Defendant, Indianola Police Department, respectfully requests all claims against it be dismissed with prejudice. There being no other claims asserted by Plaintiff, her Petition should be dismissed in its entirety.

INDIANOLA POLICE DEPARTMENT,
Defendant,

By: _____
Jason C. Palmer AT0006089
LAMSON DUGAN & MURRAY LLP
1045 76th Street, Suite 3000
West Des Moines, Iowa 50266
Telephone: (515) 823-0458
Facsimile: (515) 298-6536
E-Mail: jpalmer@ldmlaw.com

By: */s/ Ryan P. Tunink*
Ryan P. Tunink AT0014964
LAMSON DUGAN & MURRAY LLP
1045 76th Street, Suite 3000
West Des Moines, Iowa 50266
Telephone: (515) 823-0458
Facsimile: (515) 298-6536
E-Mail: rtunink@ldmlaw.com

ATTORNEYS FOR INDIANOLA POLICE DEPARTMENT

Original electronically filed.

Copy to:

Heidi McNamara
803 S R Street #5
Indianola, IA 50125
heidimcngodisking@gmail.com
PRO SE PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 13th of May, 2024 by:

☐ U.S. Mail ☐ FAX
☐ Hand Delivered ☐ UPS
☐ Federal Express ☒ Other: Electronic Filing

*/s/ Analese Hauber*